# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Perilli,                                          :
                          Petitioner                   :
                                                       :
                    v.                                 :    No. 1110 C.D. 2023
                                                       :    Submitted: July 5, 2024
City of Philadelphia (Workers'                         :
Compensation Appeal Board),                            :
                          Respondent                   :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE MARY HANNAH LEAVITT, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**                    **FILED: August 1, 2024**


John Perilli (Claimant) petitions for review of an Order of the Workers' Compensation Appeal Board (Board) affirming a Decision of a Workers' Compensation Judge (WCJ) that granted a Petition to Modify Compensation Benefits (Modification Petition) filed by the City of Philadelphia (Employer) and modified Claimant's disability status from temporary total disability to temporary partial disability as of the date of an impairment rating evaluation (IRE) performed pursuant to Section 306(a.3) of the Workers' Compensation Act (WC Act),[1] which was added by Section 1 of the Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Claimant argues retroactive application of Act 111 violates due process and the

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511.3.

Remedies Clause of article I, section 11 of the Pennsylvania Constitution, PA. CONST. art. I, § 11.[2] Claimant also argues Act 111 is an unconstitutional delegation of legislative authority. As this Court has previously rejected both arguments on numerous occasions, we affirm the Board's Order.

The pertinent facts of this matter are not in dispute as the matter raises purely legal questions. Claimant suffered a work-related injury on September 30, 2016, while in the course of his employment for Employer. (WCJ Decision Finding of Fact (FOF) ¶ 6.) Employer accepted the injury as "lower leg, sprain or tear." (*Id.*) Claimant returned to work with no loss of earnings in September 2019, at which time Employer suspended benefits. (*Id.* ¶ 7.) On May 17, 2022, Claimant underwent an IRE performed by Brian Walsh, D.O., who opined Claimant had a whole-person impairment of 6% utilizing the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, sixth edition, second printing. (*Id.* ¶ 8c, g; Reproduced Record (R.R.) at 90a, 115a.) Based upon this IRE, Employer filed the Modification Petition. (R.R. at 5a-6a.)

Before the WCJ, Employer submitted the deposition testimony of Dr. Walsh, which detailed the IRE and his opinions.[3] Claimant did not offer any evidence to challenge the impairment rating and repeatedly argued Act 111 was unconstitutional. (FOF ¶¶ 10, 12.) The WCJ credited Dr. Walsh's uncontradicted testimony and

---

[2] The Remedies Clause provides, in relevant part:

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . .

PA. CONST. art. I, § 11.

[3] Dr. Walsh's deposition testimony and related exhibits can be found in the Reproduced Record at pages 68a through 115a and is summarized in finding of fact 8.

rejected Claimant's constitutional argument stating he did not have jurisdiction over such issues. (*Id.* ¶¶ 9, 12.) Having found Claimant reached maximum medical improvement and had a whole-body impairment of 6%, the WCJ concluded Employer met its burden and modified Claimant's benefits to temporary partial disability as of May 17, 2022, the date of the IRE. (FOF ¶ 11; Conclusion of Law ¶ 2.)

Claimant appealed to the Board, continuing to challenge the constitutionality of Act 111. Similar to the WCJ, the Board stated its jurisdiction does not encompass constitutional issues and that it lacks the authority to declare any provision of the WC Act unconstitutional; however, "where Pennsylvania's appellate courts have addressed constitutional challenges to Act 111, it is proper for the Board to apply those holdings." (Board Opinion (Op.) at 3.) Citing *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), and *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *aff'd*, (Pa., No. 88 MAP 2019, filed Aug. 18, 2020) (per curiam), the Board concluded "that the consensus was that Act 111 is not an unconstitutional delegation of legislative authority and is not unconstitutional on its face." (Board Op. at 3.) Accordingly, the Board, concluding this Court has rejected similar arguments in a "litany" of cases, (*id.* at 4), likewise rejected Claimant's arguments and affirmed the WCJ's Decision.

Thereafter, Claimant filed a timely Petition for Review.[4] Before this Court, Claimant's argument is twofold. First, Claimant asserts that applying Act 111 to a

---

[4] Our review is limited to determining whether constitutional rights were violated, whether errors of law were committed, or whether necessary findings of fact are supported by substantial **(Footnote continued on next page…)**

claimant like himself whose work injury predates the effective date of Act 111, violates due process and the Remedies Clause. Specifically, Claimant argues Act 111 is a substantive amendment to the WC Act in that it limits a claimant's partial disability benefits to 500 weeks, and as a result, it can only be applied prospectively, not retroactively to injuries predating its enactment, as the WCJ and Board did here. Claimant recognizes this Court has rejected this same argument in *Pierson*, but nonetheless asks the Court to reconsider that holding. Second, Claimant argues that Act 111 constitutes an unlawful delegation of legislative authority.

Employer responds that this "Court has addressed on several occasions the issues raised by [Claimant] in his appeal," and has rejected same. (Employer's Brief at 13.) We agree.

In *Pierson*, the claimant underwent an IRE and had his disability status modified to partial after the enactment of Act 111. Just as Claimant does in this matter, the claimant in *Pierson* argued Act 111 was a substantive, not a procedural, change in the law and, thus, could not be applied retroactively without violating his vested right in benefits as secured by the Remedies Clause. This Court rejected those arguments, holding that the claimant's "'vested rights' have not been abrogated by Act 111[,]" 252 A.3d at 1180, because "there are reasonable expectations under the [WC] Act that benefits may change," *id.* at 1179. We explained that Act 111 did not automatically strip a claimant of any rights; rather, Act 111 provided employers with a mechanism to modify a claimant's disability status from total to partial. *Id.*

We reaffirmed that holding in *Hutchinson v. Annville Township (Workers' Compensation Appeal Board)*, 260 A.3d 360, 366-67 (Pa. Cmwlth. 2021), *appeal denied*, (Pa., Nos. 489, 490 MAL 2021, filed June 7, 2022), and dozens of cases that

---

evidence. *Universal Am-Can, Ltd. v. Workers' Comp. Appeal Bd. (Minteer)*, 762 A.2d 328, 331 n.2 (Pa. 2000).

4

have followed. *See Dixon v. City of Philadelphia (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1000 C.D. 2022, filed June 7, 2024), slip op. at 5-7 (listing approximately three dozen cases declining to revisit *Pierson*).[5]  "Because our analysis in *Pierson* [and its progeny] is directly applicable and controlling here, we reject Claimant's constitutional challenges to Act 111."  *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed Feb. 15, 2022), slip op at 7.

Likewise, Claimant's second argument, that Act 111 constitutes an unconstitutional delegation of legislative authority, has been previously decided by the Court in *Pennsylvania AFL-CIO*, 219 A.3d at 319, a case Claimant did not cite.

Because the issues raised herein are directly controlled by this Court's precedent, we affirm the Board's Order.

**RENÉE COHN JUBELIRER,** President Judge

---

[5] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1)-(2) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b)(1)-(2), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Perilli, : 
                        Petitioner : 
                  : 
              v. :   No. 1110 C.D. 2023
                  : 
City of Philadelphia (Workers' : 
Compensation Appeal Board), : 
               Respondent : 

## O R D E R

    **NOW**, August 1, 2024, the Order of the Workers' Compensation Appeal Board, dated September 6, 2023, is **AFFIRMED**.

<br>

                                       **RENÉE COHN JUBELIRER,** President Judge